Richard E. Donahoo, State Bar No. 186957
Sarah L. Kokonas, State Bar No. 262875
R. Chase Donahoo, State Bar No. 322191
**DONAHOO & ASSOCIATES, PC**
440 West First Street, Suite 101
Tustin, CA 92780
Telephone: (714) 953-1010
Email:  rdonahoo@donahoo.com
        skokonas@donahoo.com
        cdonahoo@donahoo.com

Attorneys for Petitioner
MIKE REASNER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MIKE REASNER,<br><br>Petitioner,<br><br>v.<br><br>NABORS COMPLETION & PRODUCTION SERVICES CO., a Delaware corporation, now known as C&J Well Services, Inc.,<br><br>Respondent. | Case No.:<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Pursuant to Title 9 of the U.S. Code (the "Federal Arbitration Act"), specifically 9 U.S.C. § 9, Petitioner MIKE REASNER ("Petitioner" or "Reasner") petitions this Court to confirm the arbitration award against Nabors Completion and Production Services Company n/k/a C&J Well Services, Inc. ("Nabors"), dated December 10, 2021 and January 31, 2022, in an arbitration captioned Mike Reasner v. Nabors Completion and Production Services Co., JAMS Case No. 1220059010 (the "Arbitration"), and alleges:

## THE PARTIES

1. Petitioner Mike Reasner ("Petitioner" or "Reasner") is an individual domiciled in California and currently resides in Santa Maria, California. Reasner was the Claimant in the Arbitration.

2. Petitioner is informed and believes, and on that basis alleges, that during the relevant time period Respondent Nabors Completion and Production Services Company k/n/a C&J Wells Services, Inc. ("Nabors" or "Respondent") is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in Texas and authorized to do business in the State of California. Nabors was the respondent in the Arbitration.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action based on complete diversity of citizenship under 28 U.S.C. §1332(a)(2). Petitioner is a citizen of the State of California; Respondent is a citizen of the State of Delaware; and the amount in controversy exceeds the sum of $75,000.00.

4. This Court also has subject matter jurisdiction over this action pursuant to the Federal Arbitration Act under 9 U.S.C. §§1, 9 ("FAA").

5. This Court has personal jurisdiction over Respondent because it had minimum contacts with the State of California, conducted business in California with respect to the employment dispute at issue, and participated as a party to the Arbitration which took place in California. In addition, Respondent agreed to submit to the non-exclusive personal jurisdiction of the federal and state courts of California to confirm an arbitration award in the Arbitration. The Arbitration Agreement provides that parties to the agreement are "deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction of the Parties." (See, Exhibit 1, §31(D))

6. The Federal Arbitration Act applies to this proceeding pursuant to 9 U.S.C. § 9, because the arbitration arose out of an agreement between the Parties to arbitrate an employment dispute which became the subject of the arbitration.

7. Venue is proper in this Court pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(a)(2) because the Arbitration was conducted and the arbitration award was made in this District.

## BACKGROUND

8. From on or about January 28, 2013 to June 12, 2013, Petitioner was employed by Respondent in the Port of Long Beach working to fulfill Respondent's subcontract to execute the Port of Long Beach's Oil Well Plug and Abandonment Project for the West Wilmington Oil Field. ("the Port of Long Beach Project").

9. On March 24, 2015, Nabors Red Lion Limited ("Red Lion"), then a wholly owned subsidiary of Nabors Industries Ltd., completed a merger (the "Merger") with C&J Energy Services, Inc. ("C&J Energy Inc.") and became C&J Energy Services, Ltd. ("C&J Energy Ltd."). Prior to the Merger, Respondent was a wholly owned subsidiary of Red Lion. As a result of the Merger, Respondent became a wholly owned subsidiary of C&J Energy Ltd. Respondent then became known as C&J Well Services, Inc. ("CJWS").

10. On April 2, 2015, Brandyn Ridgeway ("Ridgeway") and Tim Smith ("Smith," and together with Ridgeway, "Plaintiffs") commenced a putative class action in the Superior Court for the County of Los Angeles (the "Class Action") alleging various wage-related claims against certain defendants, including Respondent (collectively, with other named defendants, the "Defendants"). Plaintiffs named themselves the proposed class action representatives for the Class Action. The Class Action was removed to the United States District Court for the Central District of California (the "District Court") on May 7, 2015. The Class Action was assigned USDC Case No. 2:15-cv-03436-DDP-JPR.

11. In the Class Action Plaintiffs sought to represent a class of all non-exempt field workers who are employed or have been employed by Respondent in execution of the West Wilmington Oil Fields Contract(s) in the State of California since April 2, 2011. ("the Class"). Petitioner was a putative class member of the Class in the Class Action and his claims were tolled upon the filing of Class Action on April 2, 2015.

12. On June 29, 2015, Defendants in the Class Action filed motions to compel arbitration pursuant to a certain arbitration agreement with Respondent (the "Arbitration Agreement"). A true and correct copy of the Arbitration Agreement is attached to Exhibit 1. On October 13, 2015, Hon. Dean D. Pregerson, the District Court Judge in the Class

Action denied Defendants' motions to compel arbitration. Defendants appealed the District Court's ruling.

13. On February 13, 2018, the Ninth Circuit Court of Appeals reversed and remanded the District Court's denial of the Defendants' motion to compel arbitration with instructions (the "Ninth Circuit Order"). See Ridgeway v. Nabors Completion & Prod. Servs. Co., 725 App'x 472, 474 (9th Cir. 2018). Specifically, the Ninth Circuit (a) held that the applicable Arbitration Agreement was generally enforceable, with the exception of several severable discovery-related provisions; and (b) directed the District Court on remand to "consider the limited issue of whether to certify Plaintiffs' PAGA claims" pursuant to Section 4(C) of the Arbitration Agreement.

14. On remand, consistent with the Ninth Circuit Order's instructions, the District Court dismissed Plaintiffs' individual claims. See Ridgeway v. Nabors Completion & Prod. Servs. Co., 2018 WL 3569341 (C.D. Cal. July 23, 2018).

15. In light of the Ninth Circuit ruling finding the Arbitration Agreement enforceable, including the agreement's class action waiver, on or about March 2018, ninety-six (96) individual putative class members (the "JAMS Claimants"), including Petitioner, filed individual demands and claim in arbitration at JAMS seeking to commence arbitration proceedings to adjudicate their individual claims.[1]

---

[1] On July 20, 2016 CJ Holding Co. and certain of its affiliates, including Respondent, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code in the Southern District of Texas. Lead Plaintiffs in the Class Action, Ridgeway and Smith, thereafter moved for relief from the stay on their own behalf and on behalf of all others similarly situation, which was granted February 1, 2017. After the Ninth Circuit ruling in early 2018, further litigation in the Bankruptcy Court ensued. Petitioner was granted the right to proceed with his JAMS arbitration by order of the Bankruptcy Court on September 11, 2019.

## THE ARBITRATION

16. In his complaint in Arbitration filed on March 30, 2018 (Exhibit 1) Petitioner brought claims for (1) Failure to pay prevailing wages (Cal. Lab. Code §§1194, 1771, 1772, 1774 et seq.); (2) Penalties pursuant to Labor Code section 203; (3) Failure to provide "accurate itemized wage statements" (Cal. Lab. Code §226(a)); and (4) Violation of Business & Professions Code sections 17200 et seq., and seeking compensatory damages; penalties; liquidated damages pursuant to Labor Code section 1194.2; penalties and /or actual damages pursuant to Labor Code section 226(e); restitution of wages for unfair competition, including disgorgement of profits; equitable accounting; interest; costs and attorney fees; an order that Nabors pay all costs and fees of arbitration; and "such other and further relief as the Arbitrator may deem proper and just."

17. On or about May 9, 2018, Respondent filed its Answering Statement, generally denying all allegations in the Demand and asserting 45 affirmative defenses, including a reservation of rights to assert additional affirmative defenses. Respondent requested that "the Demand be dismissed with prejudice and that Claimant takes nothing thereby;" costs and attorney fees; and "such other and further relief as the Arbitrator may deem just and proper." (Exhibit 2)

18. Petitioner's claim was assigned as JAMS Arbitration Case Reference No. 1220059010. JAMS determined that the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness applied to this dispute.

19. On April 30, 2020, JAMS issued a Notice of the Appointment of Hon. Richard D. Aldrich (Ret.) as Arbitrator. (Exhibit 3) On July 2, 2020 the Arbitrator issued a Scheduling Order No. 1, finding the claims arbitrable under the Arbitration Agreement. (Exhibit 4)

20. In the course of the JAMS arbitration, Arbitrator permitted Petitioner to file a motion for summary disposition under JAMS Employment Rule 18. The motion focused on the liability issues, including whether Petitioner's work for Nabors from January 28, 2013 to June 12, 2013 for the Port of Long Beach Project was "public work" mandating

payment of prevailing wages under California's public work laws. (Labor Code §§ 1770 et. seq.)   On April 5, 2021, Arbitrator issued an order granting Petitioner's motion for summary adjudication, titling the order as an "Interim Award on Summary Adjudication." (Exhibit 5).

21.   An arbitration hearing on damages was conducted via Zoom on September 20, 2021.  Witnesses were sworn and testified, and documents were submitted.  The parties submitted closing briefs thereafter.

22.   On December 10, 2021, the Arbitrator issued a Partial Final Award, Phase I (the "Phase I Final Award").  In sum, the Arbitrator issued findings on the issues in dispute including as to (a) the proper wage classification under California's Department of Industrial Relations; (b) the wages owed; (c) offsets to the amount of wages owed; (d) statutory interest owed; (e) waiting-time penalties; (f) damages for non-compliant itemized wage statements; and (g) entitlement to attorney's fees as the prevailing party.  Petitioner and Respondent thereafter litigated the amount of attorneys' fees and costs.

23.   On January 31, 2022, the Arbitrator issued its "Final Award on Attorneys' Fees and Costs."  The Phase I Final Award and Final Award on Attorneys' Fees and Costs are collectively referred to as "the Final Award." (Exhibit 6)  The Arbitrator restated its previous findings in the Interim Award, and Phase I Final Award, and awarded Petitioner attorneys' fees and costs.

24.   The Final Award is final and binding on the parties.

25.   The Final Award was made in accordance with the parties' arbitration agreement,  the FAA, and is based on federal court orders and ruling compelling arbitration in *Ridgeway, et al. v. Nabors Completion & Production, et al*.

26.   There are no grounds to vacate or correct the Final Award.

27.   Therefore, the Final Award should be confirmed.

///
///
///

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests that:

(a) The Court confirm the Final Award against Respondent in its entirety;

(b) The Court enter judgment in favor of Petitioner and against Respondent in the amount set forth in the Final Award, together with interest thereon;

(d) The Court award Petitioner reasonable attorney's fees and costs herein; and

(e) The Court order such other and further relief as the Court deems just and proper.

Respectfully Submitted

Dated: February 24, 2022         DONAHOO & ASSOCIATES, PC


By: /s/ *Richard E. Donahoo*_____
   Richard E. Donahoo
   Sarah L. Kokonas
   R. Chase Donahoo
   Attorneys for Petitioner