O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE REASNER, ) | Case No. 2:22-cv-01267-DDP-JPR |
| ) | |
| Petitioner, ) | **ORDER RE: PETITIONER'S** |
| ) | **MOTION TO CONFIRM FINAL** |
| v. ) | **ARBITRATION AWARD AND FOR** |
| ) | **FURTHER ATTORNEYS' FEES AND** |
| NABORS COMPLETION & ) | **COSTS** |
| PRODUCTION SERVICES CO., n/k/a ) | |
| C&J WELL SERVICES, INC., a Delaware ) | |
| corporation ) | |
| ) | [Dkt. 16] |
| Respondent. ) | |
| ) | |

Presently before the court is Petitioner Mike Reasner's ("Reasner") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Respondent Nabors Completion and Production Services Co. ("Nabors"). (Dkt. 16.) Having considered the parties' submissions, the court adopts the following Order.

///

## I. BACKGROUND

Reasner performed oil well plug and abandonment work for Nabors in the Port of Long Beach, as part of a larger project to replace the Gerald Desmond Bridge. (See Dkt. 16-10.) On April 2, 2015, former Nabors employees who performed similar work on the project, filed a putative class action in state court against Nabors for violations under the California Labor Code, on behalf of themselves and similarly situated employees, including Reasner. (Dkt. 17-1, Costello Decl. ¶ 3.) On May 7, 2015, Nabors removed the action to this Court, and thereafter filed a motion to compel arbitration pursuant to the parties' arbitration agreement. (Id. ¶¶ 3-4.) On October 13, 2015, this Court denied the motion to compel arbitration. (Id. ¶ 4.) Nabors appealed to the Ninth Circuit. (Id.) On February 13, 2018, the Ninth Circuit reversed and remanded the court's denial of the motion to compel arbitration. (Id.)

On March 30, 2018, Reasner submitted a Demand for Arbitration to JAMS, asserting the following wage-and-hour violations: (1) failure to pay prevailing wages (Cal. Lab. Code §§ 1194, 1771, 1772, 1774 *et seq.*); (2) waiting time penalties (Cal. Lab. Code § 203); (3) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226(a)); and (4) unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq.*). (Dkt. 16-2, Donahoo Decl. ¶ 13, Ex. C.) Thereafter, Honorable Richard D. Aldrich (Ret.) was appointed as arbitrator ("Arbitrator"). (Id. ¶ 19, Ex. F.)

On January 8, 2021, Reasner filed a motion for summary adjudication pursuant to JAMS Employment Rule 18. (Id. ¶ 20.) On April 5, 2021, the Arbitrator granted Reasner's motion. (Id. ¶ 21, Ex. G.) On September 20, 2021, the matter proceeded to a virtual arbitration hearing on the issue of damages. (Id. ¶ 23.) On December 10, 2021, the Arbitrator issued a Partial Final Award whereby the Arbitrator made findings on Nabors' liability and Reasner's damages. (See id. ¶ 23, Ex. H.) Through the Partial Final Award, the Arbitrator awarded Reasner $31,922.07 in unpaid wages, $27,694.97 in statutory interest thru December 6, 2021, and continuing at $8.75 per day on the unpaid

wages and interest at the rate per annum until all wages and interest thereon are paid in full, $21,815.70 in waiting time penalties under California Labor Code Section 203(a), and $950 in wage statement violations under California Labor Code § 226(e).  (Id. ¶ 29, Ex. H.)  On January 5, 2022, Reasner filed a Motion to set the amount of attorney's fees and costs with the Arbitrator.  (Id. ¶ 24.)  On January 31, 2022, the Arbitrator issued a Final Arbitration Award, which incorporated the Arbitrator's findings on damages from the Partial Final Award.  (Id., Ex. I.)  Through the Final Award, the Arbitrator accepted Reasner's requested lodestar fees, and awarded a 1.5 multiplier to the lodestar.[1]  (Id. ¶¶ 26-27.)  The Arbitrator awarded Reasner a total of $212,057.25 in fees and $5,678.75 in costs.  (Id. ¶¶ 27-28.)

Reasner now moves to confirm the Final Arbitration Award and seeks $12,534 in post-award attorneys' fees and $402 in costs for filing of the initial complaint in this confirmation action. (Dkt. 16-1, Mot.; Donahoo Decl. ¶¶ 37, 44.)

**II. LEGAL STANDARD**

**A.  Confirmation of Arbitration Award**

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9.  "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one."  Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).

The grounds for vacating an arbitration award are "limited" and "exclusive."  Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003).

---

[1] The Arbitrator based his decision to award the multiplier on the "high financial risk" in this case, the fact that the "matter was heavily contested," and the favorable results Reasner's counsel obtained from the summary adjudication motion and the arbitration.  (Ex. I at 9.)

3

"Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Id.  As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10.  Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." Id. at 997 (internal quotations omitted) (citations omitted).  "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012) (quoting Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010)).

By contrast, Section 11(a) of the FAA permits modification or correction of an award under the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c).

If the court finds no basis to vacate, modify, or correct the arbitration award, the court must confirm the award.  9 U.S.C. § 9; see also Hall St. Assocs., 552 U.S. at 582.

**B.  Attorneys' Fees and Costs**

An employee who prevails in a civil action pursuant to California Labor Code Sections 1194(a) and 226(e) is entitled to recover an award of reasonable attorneys' fees

4

and costs. See Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit."); Cal. Lab. Code § 226(e) ("An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [Section 226(a)] . . . is entitled to an award of costs and reasonable attorney's fees.").

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." Id. at 437 n.12. The prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. Id. This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." Id. at 437.

**III. DISCUSSION**

    **A. Confirmation of Arbitration Award**

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors on the issues of liability, damages, and attorneys' fees. (Dkt. 21, Opp. at 1-2.) Specifically, Nabors argues that the Arbitrator erred in the following:

> (1) rejecting, and giving no deference to, the Labor Commissioner's decision that the [Port of Long Beach] Project was "not within the

5

> jurisdiction of California Public Work Law" and therefore exempt from prevailing wage requirements; (2) awarding [Reasner] prevailing wages even though there are no prevailing wage rates—or applicable classifications—established by the Department of Industrial Relations ("DIR") for oil well plug and abandonment work; (3) failing to award [Nabors'] claimed offset for the cost of providing fringe benefits to [Reasner] during the time he worked on the [Port of Long Beach] Project; (4) awarding [Reasner] waiting time penalties under Labor Code § 203; and (5) awarding a fee multiplier to the lodestar amount.

(Id.) Nabors, however, fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it." See Biller, 668 F.3d at 665. At best, the alleged errors are based on misinterpretation or misapplication of the law, or a misunderstanding of facts. Such errors are insufficient to vacate, in whole or in part, an Arbitration Award. See Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085, 1100 (D. Ariz. 2005), aff'd, 505 F.3d 874 (9th Cir. 2007) ("Absent evidence … reliably demonstrating that the arbitrator actually misapplied the relevant law and did so with knowledge of the error of that action and/or the intention to nullify the law or an awareness that he was doing so, vacatur is not appropriate."). "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)." Kyocera, 341 F.3d at 1003. Finding no manifest disregard of the law exhibited in the Arbitration Award, the court declines to vacate the Arbitration Award.

The court therefore grants Reasner's Petition to confirm the Arbitration Award.

**B. Attorneys' Fees and Costs**

As the prevailing party in this action, Reasner is entitled to reasonable attorneys' fees and costs, including fees incurred in connection with the confirmation action. See

6

Cal. Lab. Code §§ 1194(a), 226(e).[2] Thus, the only issue before the court is whether the requested fees and costs are reasonable.

Reasner seeks $12,534 in attorneys' fees. The court finds, and Nabors does not dispute, that the rates set forth by Reasner's counsel are within the range of reasonable rates for attorneys in the local community, taking into consideration the "experience, skill, and reputation of the attorney." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th Cir. 1995). Specifically, the court finds that the following rates are reasonable:

- Richard E. Donahoo, Attorney; $700/hour
- R. Chase Donahoo, Attorney: $425/hour
- Kelsey Ung, Paralegal: $295/hour

With respect to the time spent for work performed on this matter, Reasner's counsel has submitted detailed billing records of work performed and an accompanying declaration. (See Donahoo Decl. ¶¶ 37-39 & Ex. J.) Reasner's motion and Richard Donahoo's declaration estimate that counsel spent a total of 25.5 hours on tasks related to the post-award confirmation action. (Mot. at 17; Donahoo Decl. ¶ 37.) Of these hours, Reasner claims that 18.3 hours are attributable to R. Chase Donahoo, 3.5 hours are attributable to Richard Donahoo, 0.7 hours are attributable to paralegal Kelsey Ung, and

---

[2] Nabors contends, as it did in the related confirmation actions, see, e.g., Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), Ridgeway v. Nabors Completion & Production Servs. Co., No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), Ronquillo v. Nabors Completion & Production Servs. Co., No. 21-cv-5535-DDP-JPR, 2022 WL 370958, at *1-2 (C.D. Cal. Nov. 22, 2021), Gutierrez v. Nabors Completion & Production Servs. Co., 21-cv-8435-DDP-JPR, 2022 WL 671547, at *3 n. 1 (C.D. Cal. Mar. 7, 2022), and Gibson v. Nabors Completion & Production Servs. Co., No. 21-cv-8450-DDP-JPR, 2022 WL 1092628, at *3 n.2 (C.D. Cal. Apr. 11, 2022), that Reasner is not entitled to post-award fees. (Opp. at 23-24.) The court stands by its previous analysis and rulings in the above-referenced matters regarding post-award fees. Accordingly, the issue of post-award fees is properly before this Court.

7

3 hours are attributable to time Richard Donahoo anticipated he would spend preparing the reply and attending the hearing. (Mot. at 17; Donahoo Decl. ¶¶ 37, 42-43.) The court has adjusted these hours for reasonableness. Specifically, the court has subtracted 5.5 hours from the amount of time billed by R. Chase Donahoo in connection with preparing the motion to confirm the arbitration award. Given that the court decided to take this matter under submission without a hearing, the court has subtracted 0.8 hours from the amount of time Richard Donahoo anticipated billing for preparing for and attending the hearing.

Applying the approved rates to the adjusted hours, the lodestar method yields the following result:

| Attorney/Paralegal | Reasonable Rate | Hours | Lodestar |
|---|---|---|---|
| Richard E. Donahoo | $700 | 5.7 | $3,990 |
| R. Chase Donahoo | $425 | 12.8 | $5,440 |
| Kelsey Unger | $295 | 0.7 | $206.50 |
| *Total* | | | $9,636.50 |

With these adjustments, the chart above reflects the reasonable number of hours expended by counsel in relation to the confirmation action and request for post-award fees. Thus, Reasner is entitled to $9,636.50 in fees and $402 for the cost of filing the complaint.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Reasner's Petition to Confirm the Arbitration Award. The Final JAMS Arbitration Award issued by Arbitrator Hon. Richard D. Aldrich (Ret.) on January 31, 2022, in the Arbitration JAMS Case No. 1220058941, is confirmed. This Court shall enter judgment in favor of Mike Reasner and against Nabors in the amount of $31,922.07 in unpaid wages, $27,694.97 in statutory interest thru December 6, 2021, and continuing at $8.75 per day on the unpaid wages and

8

interest at the rate per annum until all wages and interest thereon are paid in full, $21,815.70 in waiting time penalties under California Labor Code Section 203(a), $950 in wage statement violations under California Labor Code § 226(e), $212,057.25 in fees, and $5,678.75 in costs as awarded by the Arbitrator.

The court further GRANTS Reasner's request for post-award attorneys' fees in the amount of $9,636.50 and for costs in the amount of $402.

**IT IS SO ORDERED.**

Dated: July 29, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

9